IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Patricia Henning,

(Chapter 7)

Debtor.

Case No. 14-15312

MEMORANDUM DECISION

Harold Torner died on December 9, 2007, owning a 401(k) retirement account of which the Debtor was the beneficiary. On January 24, 2008, the Debtor rolled over the funds from the 401(k) account to an inherited IRA that required distributions to begin by "December 31 of the calendar year following the calendar year of the original IRA owner's . . . death." On the same day, she invested the inherited IRA in an annuity. The Debtor filed bankruptcy on December 23, 2014. She claimed exemptions on Schedule C for the following as accounts receivable:

| | |
|---|---|
| Mark Winchester loan on 10/22/2014 | 1,025.00 |
| Clarence Winchester loan on 10/17/2014 | 2,000.00 |
| Charles Winchester loan on 11/11/2014 | 5,000.00 |
| Cassandra Winchester loan on 11/8/2014 | 2,500.00 |

All of these accounts were listed with the notation: "Wis. Stat. § 815.18(3)(i)(1)(c) Loan is traceable to personal injury recovery." Also on Schedule C, under "Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans," Debtor claimed an exemption for:

| | | |
|---|---|---|
| Variable Annuity-Inherited IRA Pacific Life | Wis. Stat.§ 815.18(3)(j) | 35,552.61 |

1

The Trustee objects to these exemptions. As to the accounts receivable, the Trustee argues they are not traceable to a personal injury loan. The Trustee argues that the inherited IRA is not exempt under Wisconsin law. At a preliminary hearing, the parties agreed to submit this matter for decision by the court on an agreed statement of facts and written briefs. They established a submission and briefing schedule which has expired. No submissions or briefs were filed by Debtor. This decision is therefore rendered on the present record.

I.      Wisconsin Statute § 815.18(3)(i)(1)(c), (2) states:

> (1) Any of the following payments:
>     (c) A payment, not to exceed $50,000, resulting from personal bodily injury, including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent.
> (2) Any property traceable to payments under subd. 1 is exempt.

WIS. STAT. § 815.18 (2016). Bankruptcy Rule 4003(c) states:

> (c) Burden of Proof. In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

BANKRUPTCY RULE 4003 (2015).

The most recent filing regarding the accounts receivable occurred on February 15, 2015, and stated:

> The Trustee objects to the Debtor's claimed exemptions in items 1-4 because in order to claim the exemptions under Wis. Stat. § 815.18(3)(i)(c), the Debtor must demonstrate that the monies loaned to the various individuals are traceable to a personal injury settlement that the Debtor received. If the funds have been co-mingled with other funds after being loaned to the individuals listed above, then the funds lose their traceability and can no longer be claimed as exempt.

Dkt. # 21. The Trustee has not pursued this objection further. "In the absence of any evidence presented by the trustee, this Court may simply accept the Debtor's

2

characterization of her claim as falling within an exempt category as long as it appears from the facts the claimed personal injury award could reasonably fall within an exempt category." *In re Lester*, 141 B.R. 157, 162 (S.D. Ohio 1991). Here the funds could plausibly be traceable and, therefore, exempt under Wis. Stat. § 815.18. *See In re King*, 508 B.R. 71, 78 (Bankr. N.D. Ind. 2014) (discussing tracing mechanisms applied to co-mingled accounts).

One court has recently cast doubt on the legality of Bankruptcy Rule 4003(c), specifically in connection with state exemptions. *See generally In re Tallerico*, 532 B.R. 774 (Bankr. E.D. Cal. 2015). Since the burden of proof is substantive, *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20-21 (2000), the allocation of the burden of proof is also substantive. And bankruptcy rules may not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075 (2005). That statement of the law is adopted for this case. Therefore, to the extent that Bankruptcy Rule 4003(c) deviates from the burden of allocation established by state law for state exemptions, it may be invalid. Wisconsin law assigns the burden to trace proceeds under Wis. Stat. § 815.18 to the party objecting to the exemption. *See e.g.*, *Capital One Bank v. Dennis Gabriel*, 2008 CV 1108 (Wis. Ct. App. July 9, 2014). Therefore, the Trustee has failed to meet its burden and the exemptions for the accounts receivable are allowed.

II.   Wisconsin Statute § 815.18(3)(j) states, in part:

> (j) Retirement benefits. (1) Assets held or amounts payable under any retirement, pension, disability, death benefit, stock bonus, profit sharing plan, annuity, individual retirement account, individual retirement annuity, Keogh, 401-K or similar plan or contract providing benefits by reason of age, illness, disability or length of service and payments made to the debtor therefrom.
>      (2) The plan or contract must meet one of the following requirements:

3

> (a). The plan or contract complies with provisions of the internal revenue code.

Wis. Stat. § 815.18 (2016). 11 U.S.C. § 522(b) states, in part:

> (b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection. . . .
> (3) Property listed in this paragraph is-
> > (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522 (2010).

An inherited IRA does not constitute "retirement funds" under the statute. *In re Clark*, 714 F.3d 559, 562 (7th Cir. 2013), *aff'd Clark v. Rameker*, 134 S. Ct. 2242 (2014). The Wisconsin exemption does not explicitly mention retirement funds; instead it requires "compliance with the Internal Revenue Code" and "benefits by reason of age, illness, disability or length of service." WIS. STAT. § 815.18. While the Bankruptcy Court in *Clark* determined that an inherited IRA does not provide tax *exemption,* the District Court reversed. The Seventh Circuit, in dicta, appeared to reverse the District Court, implying that inherited IRAs do afford tax *deferral*:

> In other words, an inherited IRA is a time-limited tax-deferral vehicle, but not a place to hold wealth for use after the new owner's retirement. The statutory treatment allows the beneficiary to avoid paying income tax immediately after the original owner's death while limiting the duration of tax deferral. If recipients of inherited IRAs could hold the wealth until their own retirement, tax deferral might become tax exemption, as capital held in IRAs could pass down through the generations without ever being subject to income tax.
>
> The account remains a tax-deferral vehicle until the mandatory distribution is completed, but distribution precedes the owner's retirement.

*Clark*, 714 F.3d at 560, 561. And the Supreme Court explicitly declined to weigh in on this issue:

> The Bankruptcy Court also concluded in the alternative that, even if funds in an inherited IRA qualify as retirement funds within the meaning of § 522(b)(3)(C), an inherited IRA is not exempt from taxation under any of the Internal Revenue Code sections listed in the provision. Because we hold that inherited IRAs are not retirement funds to begin with, we have no occasion to pass on the Bankruptcy Court's alternative ground for disallowing petitioners' exemption.

*Clark v. Rameker*, 134 S. Ct. 2242, n.2 (2014).

There is a second requirement of the Wisconsin state exemption, "benefits by reason of age, illness, disability or length of service." WIS. STAT. § 815.18. This Court stated in *Clark*[1]: "In this case the debtors received minimum distributions from the Inherited IRA as permitted by the IRS guidelines. The debtors are entitled to receive benefits immediately with no regard to their age, physical health, or working status." *In re Clark*, 450 B.R. 858, 865-66 (Bankr. W.D. Wis. 2011). This interpretation is in accord with the statute, under which the question appears to be whether benefits are being provided because of age, not whether the benefits are related to age. Therefore, this inherited IRA does not qualify for exemption under the Wisconsin statute.

Dated: September 1, 2016

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Bankruptcy Court addressed this argument because "The debtors did initially, and may still, argue that their Inherited IRA qualifies under WIS. STAT. § 815.18(3)(j) as exempt." The schedules were amended to claim federal exemptions and this issue was not discussed on appeal.

5